1

2

3

4          **UNITED STATES DISTRICT COURT**

5          **NORTHERN DISTRICT OF CALIFORNIA**

6          **SAN JOSE DIVISION**

7

8    BERI MURPHY, et al.,                    Case No.  15-cv-03799-BLF

              Plaintiffs,

9

       v.
10                                           **ORDER GRANTING IN PART AND**
                                             **DENYING IN PART MOTION TO**
11   UNITEDHEALTHCARE INSURANCE              **DISMISS**
     COMPANY, et al.,
                                             [Re: ECF 42]
12            Defendants.

13

14        On March 31, 2016, the Court heard oral argument on Defendants' Motion to Dismiss

15   pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6).  Mot., ECF 42. The Court has

16   considered the parties' briefing and oral argument. For the reasons stated on the record and below,

17   Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

18        **I.        LEGAL STANDARD**

19        Federal Rule of Civil Procedure 12(b)(1) requires that each named Plaintiff prove that

20   there is a live controversy between him/her and the defendants. *See Kokkonen v. Guardian Life*

21   *Ins. Co.*, 511 U.S. 375, 377 (1994); *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–

22   79 (9th Cir. 2000). To survive a motion to dismiss under Federal Rule 12(b)(6), "a complaint must

23   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

24   face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

25   U.S. 544, 570 (2007)).

26        **II.       DISCUSSION**

27             **A.  Defendants**

28        Defendants argue—and Plaintiffs concede—that the majority of the named Defendants are

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   not proper defendants in this case. *See* Mot. at 1, 8-9; Opp. at 12. In the Ninth Circuit, a plaintiff

2   may press an ERISA claim "against the plan as an entity and against the fiduciary of the plan."

3   *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F. 3d 1282, 1297-

4   98 (9th Cir. 2014) (internal quotation marks omitted).

5            Plaintiffs Murphy, Favichia, and Amendt allege that their health benefit plans were

6   provided by UnitedHealthcare Insurance Company ("UHIC"), Sutter Health Sacramento Sierra

7   Region Self-Funded Health Plan, and Sutter VNA & Hospice Self-Funded Health Plan,

8   respectively. First Amended Compl. ("FAC") ¶¶ 11, 13, 15. Plaintiffs also allege that Optum Rx is

9   the third-party pharmacy benefit claims administrator for each of these plans. *Id.* ¶¶ 13, 15, 18.

10  The parties agree that no other Defendants are proper defendants at this stage. Accordingly, the

11  Court GRANTS Defendants' Motion to Dismiss the other Defendants without prejudice.

12            **B.  Plaintiff Murphy**

13            Defendants argue that Ms. Murphy's claims are moot because UHIC granted her coverage

14  for Harvoni in the course of its administrative process. Mot. at 7. As a result, they contend, she

15  fails the live controversy requirement of Rule 12(b)(1). *Id.* Ms. Murphy responds that she is a

16  proper plaintiff even if her claim is moot because her claim is capable of repetition, yet evades

17  review and because UHIC granted her claim only to make her claim "inherently transitory," such

18  that it expired before the Court could consider class certification of it. Opp. at 7 (citing *United*

19  *States Parole Commission v. Geraghty*, 445 U.S. 388, 399 (1980)).

20            For either of these exceptions to apply, "the named plaintiff [must] have a personal stake at

21  the outset of the lawsuit." *Geraghty*, 445 U.S. at 398. To have such a stake for an ERISA claim, "a

22  claimant must avail . . . herself of a plan's own internal review procedures before bringing suit in

23  federal court." *Diaz v. United Agr. Employee Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1483

24  (9th Cir. 1995) (citation omitted). Here, Ms. Murphy filed suit in the middle of her administrative

25  appeal—that is, before exhausting her administrative remedies. Thus, Ms. Murphy did not "have a

26  personal stake at the outset of the lawsuit" and her claim is now moot.

27            At the hearing, Ms. Murphy argued that UHIC improperly denied her request for urgent

28  review of her administrative appeal and that a claim for that misconduct was ripe at the time of

1   filing. But that denial does not form the basis of Ms. Murphy's claims as pled, nor does it appear

2   to be reflective of the purported class' allegations. Accordingly, the Court GRANTS Defendants'

3   Motion to Dismiss Ms. Murphy's claims with leave to amend.

4   ### C.  Plaintiff Favichia

5   Defendants similarly argue that Ms. Favichia lacks standing to bring her claim because she

6   failed to exhaust her administrative remedies before filing suit. *See Diaz*, 50 F. 3d at 1483. Ms.

7   Favichia concedes that she filed a second request for treatment rather than appealing her initial

8   denial, but argues that she can plead around this deficiency. Opp. at 12-17. Accordingly, the Court

9   GRANTS Defendants' Motion to Dismiss Ms. Favichia's claims with leave to amend.

10   ### D.  ERISA § 502(a)(3) Claims

11   Finally, Defendants seek dismissal of Plaintiffs' ERISA § 502(a)(3) claim, *see* 29 U.S.C. §

12   1132(a)(3), on the grounds that they could get adequate relief under their ERISA § 502(a)(1)(B)

13   claim, *see* 29 U.S.C. § 1132(a)(1)(B). Mot. at 10. Plaintiffs respond that the two claims are

14   distinguishable because their § 502(a)(3) claim seeks not only monetary relief for denial of past

15   benefits, but also class-wide injunctive and equitable relief. Opp. at 17.

16   In light of Plaintiffs claim for injunctive relief—and Defendants' withdrawal of their

17   argument that a change in policy since this lawsuit was filed has mooted the claim, *see* Reply at 7,

18   ECF 45—it is not clear at this stage of the lawsuit that benefits under § 502(a)(1)(B) would

19   provide Plaintiffs a sufficient remedy for their § 502(a)(3) claim. *See, e.g., Caplan v. CAN Short*

20   *Term Disability Plan*, 479 F.Supp, 2d 1108, 1113 (N.D. Cal. 2007); *Davis v. Bank of America*

21   *GroupBenefits Program*, No. C10-5199, 2011 WL 1298860 at *4 (N.D. Cal. Apr. 4, 2011).

22   Accordingly, the Court DENIES Defendants' Motion to Dismiss the § 502(a)(3) claim.

23   **IT IS SO ORDERED.**

24   Dated:  April 1, 2016

25

26   BETH LABSON FREEMAN
     United States District Judge

27

28

*United States District Court*
*Northern District of California*

3