UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UNITED HEALTHCARE SERVICES, INC., HARVONI
(LEDIPASVIR AND SOFOSBUVIR) HEALTH INSURANCE
LITIGATION                                                                                          MDL No. 2720


ORDER DENYING TRANSFER


**Before the Panel**: The UnitedHealth defendants[1] move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Florida. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. Plaintiff in the District of Minnesota action (*Pieper*) supports centralization, but requests the District of Minnesota. Plaintiffs in the Southern District of Florida action (*Jones*) oppose centralization and, alternatively, support centralization in their district. Plaintiffs in the Northern District of California action (*Murphy*) oppose transfer of their action and contend that, in the event an MDL is established, their district should be selected. The Sutter Health defendants,[2] which are named solely in the *Murphy* action, did not file a response.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions unquestionably share factual questions arising out of allegations that the UnitedHealth defendants unlawfully denied coverage for the prescription drug

---

[1] UnitedHealth Group, Inc.; United Healthcare Services, Inc., United Healthcare, Inc., Neighborhood Health Partnership, Inc., United Healthcare Life Insurance Co., Optum, Inc., OptumRx, Inc., United Healthcare Insurance Company, United Healthcare of Alabama, Inc., United Healthcare of Arizona, Inc., United Healthcare of Arkansas, Inc., United Healthcare of Colorado, Inc., United Healthcare of Florida, Inc., United Healthcare of Georgia, Inc., UnitedHealthcare of Illinois, Inc., United Healthcare of Louisiana, Inc., UnitedHealthcare of the Mid-Atlantic, Inc., United Healthcare of the Midlands, Inc., United Healthcare of the Midwest, Inc., United Healthcare of Mississippi, Inc., United Healthcare of Nevada, Inc., UnitedHealthcare of New Jersey, Inc., UnitedHealthcare of New York, Inc., UnitedHealthcare of North Carolina, Inc., United Healthcare of Tennessee, Inc., United Healthcare of Texas, Inc., United Healthcare of Utah, UnitedHealthcare of Wisconsin, Inc., UnitedHealthcare of New England, Inc., United Healthcare of Ohio, Inc., United Healthcare of Oregon, Inc., United Healthcare of Washington, Inc., United Healthcare of Kentucky, Ltd., United Healthcare Insurance Company of Illinois, United Healthcare Insurance Company of New York, and United Healthcare Insurance Company of Ohio.

[2] Sutter Health, Sutter VNA & Hospice Self-Funded Health Plan, and Sutter Health Sacramento Sierra Region Self-Funded Health Plan.

-2-

Harvoni to persons with Hepatitis C, and involve overlapping putative classes. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendants have failed to do so here.

There are only three actions in this litigation, and the number of involved plaintiffs' counsel is correspondingly limited. The UnitedHealth defendants are represented by common counsel, who are well-positioned to coordinate the litigation across the three groups of plaintiffs' counsel. Additionally, one action (*Murphy*) raises case-specific factual and legal issues concerning certain California self-funded plans and an allegedly new pharmacy benefits manager (MedImpact), retained in place of a UnitedHealth entity, to administer prescription drug coverage.[3] These case-specific issues are likely to undermine the alleged efficiencies that could be gained from centralizing an already minimal number of actions.[4]

Given the few involved counsel, the limited number of actions, and the presence of significant non-overlapping issues in one action, informal coordination of discovery and pretrial motions is practicable and preferable to centralization. Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery even without an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

---

[3] The *Murphy* plaintiffs allege that they resubmitted claims for Harvoni coverage after the Sutter defendants retained MedImpact, and that MedImpact denied the claims under its own policies.

[4] The filing of additional actions seems unlikely considering that the UnitedHealth defendants revised their Harvoni coverage guidelines in January 2016 to eliminate the alleged liver scarring criteria that are the focus of plaintiffs' actions.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles A. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: UNITED HEALTHCARE SERVICES, INC., HARVONI (LEDIPASVIR AND SOFOSBUVIR) HEALTH INSURANCE LITIGATION**     MDL No. 2720

## SCHEDULE A

<u>Northern District of California</u>

MURPHY v. UNITEDHEALLTHCARE INSURANCE COMPANY, C.A. No. 5:15-03799

<u>Southern District of Florida</u>

JONES v. UNITEDHEALTH GROUP, INC., ET AL., C.A. No. 0:15-61144

<u>District of Minnesota</u>

PIEPER v. UNITEDHEALTH GROUP INCORPORATED, ET AL., C.A. No. 0:16-00687